Peck, J.
The only errors relied on in the argument for the reversal of this judgment are:
1. The holding of the district court that the transcript and journal entries of the suit in chancery in the Superior Court, per se estopped the plaintiff from proving the non-execution of the deed of August 18, 1842, by the said Henry Lore, or that its execution had been procured by fraud.
2. The overruling the demand of the plaintiff for a second trial, and refusing to permit an entry of such demand upon the journal of the district court.
The other error assigned in the motion for a new trial—the charge of the court to the jury that “ they must find a verdict for the defendant ”—seems to have been abandoned, and very properly so. The parties had agreed that if the deed from Hery Lore passed the title, the defendant was entitled to recover ; and if the court was right in the assumption that the said transcript, journal entries, and decree, per se and as a matter of law, absolutely estopped *the plaintiff from invalidating that instrument by proof of its non-execution, or its fraudulent procuration, there was no question of fact to be passed upon by the jury. The admission in the agreed case and the estoppel conjoined, authorized and required a verdict for the defendant, and if the estoppel obtained, there was no impropriety, much less any unwarrantable assumption of the peculiar province of the jury, in the charge thus given.
*43 "What effect had the transcript from the Superior Court upon the proof offered by the plaintiff?
The bill founded its prayer for relief mainly upon the allegations that Henry Lore never in fact executed the deed, or, if executed, that its execution was procured by the fraudulent practices of the mother of Zacharias. And the testimony offered in the district court tended to establish those facts, and were material to the suit pending therein, if it was competent for the plaintiff to prove them. The bill was demurred to, assigning for cause, merely, that the complainants had not made such a case as entitled them, in a court of equity, to any discovery or relief against the defendant; and the decree of the court thereon was, simply, that the complainants are not entitled to the relief sought, and that the bill bo dismissed at the costs of the complainants.
Hid the district court err, in holding that this decree of the superior court estopped the plaintiff from exhibiting the proof, offered by him, as to the non-execution and fraudulent procurement of the deed ?
There can be no doubt at the present day but that the rule established in the Duchess of Kingston’s case, in 11 State Trials, 291, cited with approbation by Chief Justice Gibson, in Hibbsham v. Dulleham, 4 Watts, 191, and by Lewis, J., in Lents v. Wallace, 17 Penn. 412, is the true one and well expressed: “The judgment of a a court of concurrent jurisdiction, directly upon the point, is, as a plea in bar or as evidence, conclusive between the same parties, on the same matter, directly in question in another court. *But neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.”
So it is also said in 3 Phillipps’ Evidence, 845: “ That where a judgment (or decree) is relied on by way of evidence as something conclusive per se, between the parties, it must appear by the record of the prior suit, that the particular controversy so sought to be precluded was there necessarily tried and determined. In other words, if, in such cases, the former record clearly shows that the judgment to which this effect is ascribed could not have passed without deciding a particular matter, it will be considered as having settled that matter for all future actions; but otherwise not.” See also Rogers v. Libbey, 35 Maine, 200; Evans v. Beck, 11 Ga. 265.
To apply this rule to the case at bar: Does it clearly appear from *44 the transcript, that the execution of the deed or its fraudulent procurement was necessarily tried and determined; or could that decision have been made without passing at all upon these questions? If their truth and sufficiency were necessarily tried and determined in that suit; or if the decree could not have been pronounced without such determination, then the decree, however erroneous, is, until vacated or reversed, conclusive between the parties, in all other and future actions, as to the matters so involved and determined. The suit instituted in the Superior Court was a suit in chancery, and its object was to vacate and annul the deed of August 18, 1842, principally because it had never been executed by Henry- Loro, and because its execution had been procured by fraud. The demurrer denied that the bill made a proper case for relief in equity, and the court so found and determined. Did that ruling of the court necessarily involve a consideration of the truth or falsity of the averments as to the non-execution of the deed, or might the court have hold that the bill did not make a case for relief in a court *of equity, without passing upon the truth or falsity or the sufficiency or insufficiency of those averments?
“The chancellor has jurisdiction in those cases where a plain, adequate, and complete remedy can. not be had at law.” Lane, J., in Crane et al. v. Green’s Adm’r, 6 Ohio, 429, 430.
And in Biggerstaff et al. v. Loveland et al., 8 Ohio, 44, 45, Chief Justice Hitchcock, in speaking of a chancery court and its jurisdiction, says : “ Its jurisdiction extends only to cases where there is not complete and adequate remedy at law, and not to cases where the legal remedy is plain, adequate, specific, and complete.” •--
If, then, it appears, by the bill, that the complainants had a plain and adequate remedy at law, it did not make a caso for relief in a court of equity, and the bill was, for that cause, very properly dismissed, without determining the truth or falsity of the averments as to the execution of the deed. The bill shows, if its averments are true, that the complainants had the legal title to the lands covered by the pretended deed, and might, therefore, institute proceedings at law to recover the possession, to which proceeding such a deed would present no effective bar. Had the bill sot forth that the complainants were in possession, and therefore incapacitated to sue at law, or that they required a discovery from the defendant, the case would have been very different. It would have shown that the remedy at law was not adequate and completo, and, at the same *45 time, have disclosed cause for equitable interference. The-demurrer admits that the deed was void at law and in equity, and it is therefore apparent that the bill should have been dismissed upon the ground that it did not make a ease for the interference of a court of equity to annul it. To hold that the court, in their decree, notwithstanding the admissions of the demurrer, found that the deed was of binding force and obligation, in favor of one who was aware, at its inception, of the falsity and fraud, is a proposition too monstrous to be entertained for a moment. Equally absurd *would it be to hold, where the language employed does not require it, that a court, having the jurisdiction and authority to act, would refrain from annulling a deed, which the party claiming under it admits to have been conceived in falsity and fraud, and that he was aware of it at the time the deed was executed. It does not, in our judgment therefore clearly appear, from the transcript, that the execution or the non-execution of the deed of Henry Lore was necessarily tried and determined by the Superior Court, nor but that that decree could well have been made, without passing upon these questions. The exhibition of that transcript, then, did not, per se, estop the plaintiff from offering evidence tending to prove that the deed was never, in fact, executed, or that its execution was procured by fraud. Thus far, at least, the evidence was clearly competent, and ought to have been admitted by the district court. The Superior Court, the non-execution of the deed and non-age of Zacharias, at his decease, being admitted, ought to have dismissed the deed without prejudice; but their omission to do so can not have the effect of es-topping the lessors of the plaintiff from proving, if they can, the truth of those averments in the petition. To hold them estopped, per se, by such a record, would be extending, without reason, the doctrine of estoppel further than it has over yet been carried, arid make it the instrument of manifest injustice.
In regard to the last assignment of error—“ that the court refused to permit the entry upon the journal of the notice of a demand for another trial by the plaintiff, and also to vacate the judgment and set the action for trial at the next term ”—we have to observe that, since this cause was tried in the court below, the points sought to be raised by the assignment have all been decided adversely to the plaintiff, in the case of Singer v. Heirs of Belt, 8 Ohio St. 291. It is only necessary to say that, upon reflection, we see no cause to alter the ruling there made.
*46 The judgment of tbe district .court for tbe error first *noticed is hereby reversed, and the cause remanded for further proceedings.
Brinkerhoee, C. J., and Scott, Sutliee, and Gholson, JJ., concurred.